185 So.2d 187 (1966)
CONSOLIDATED MUTUAL INSURANCE COMPANY, a New York Corporation, Appellant,
v.
IVY LIQUORS, INC., a Florida Corporation, d/b/a 14TH St. Liquors, Appellee.
No. 65-558.
District Court of Appeal of Florida. Third District.
April 5, 1966.
Rehearing Denied May 6, 1966.
West, Feder & Goldman, Miami, for appellant.
Knight, Underwood, Peters & Hoeveler and Cecyl L. Pickle, Miami, for appellee.
Before HENDRY, C.J., and CARROLL, J., and KING, J. LAWRENCE, Associate Judge.
*188 HENDRY, Chief Judge.
This is an appeal by the defendant, Consolidated Mutual Insurance Company, from a summary final judgment in favor of plaintiff, Ivy Liquors, Inc. The plaintiff sought to recover the amount of the judgment, costs and attorney's fees incurred as a result of a law suit brought by one Daniel Cooper.
Daniel Cooper instituted an action against the plaintiff and Al Ervin, its general manager, seeking damages for personal injuries sustained by him as a result of an assault committed by Ervin while acting within the scope of his duties as general manager. Plaintiff requested that this suit be defended by defendant, and that it be indemnified for any damages resulting therefrom, pursuant to a policy of insurance in effect at the time of the assault. By the insurance policy, the defendant bound itself to indemnify the plaintiff for any sums which it may become legally obligated to pay as damages because of bodily injury sustained by any person and caused by accident, the term accident including assault and battery unless committed by or at the direction of the insured. The defendant undertook the defense of the law suit and proceeded with an investigation of the charges made in the complaint. Subsequently, the defendant notified the plaintiff that it was withdrawing its defense since there was no coverage provided by the insurance policy for damages resulting from the assault in question. Thereafter plaintiff retained counsel and the cause went to trial resulting in a judgment for Cooper in the sum of $219.00.
In the proceedings below, each party filed a motion for summary judgment contending that there existed no genuine issue of any material fact, and that each movant was entitled to judgment as a matter of law. The trial court, after considering the pleadings, depositions, and affidavits submitted by the parties, entered summary judgment in favor of the plaintiff.
The defendant contends that the facts presented by the record legally constitute an assault by or at the direction of the insured for which no liability coverage is provided by the insurance policy under consideration.
The plaintiff is the owner and operator of a combination package goods store and bar. Ervin is the general manager of the store and acts as a bartender. Cooper was shaking a cigarette machine within the store when Ervin intervened and an altercation ensued. Cooper then instituted the action for assault and battery which resulted in a judgment against the plaintiff.
From the foregoing, it affirmatively appears that the assault was committed by Ervin acting in his capacity as general manager in the interests of the corporation. The assault therefore may not be considered an accident within the meaning of the insurance policy herein involved.[1]
However, the plaintiff asserts that the defendant was estopped to disclaim liability because it undertook the defense of the law suit and investigated the claim for six months before notifying the plaintiff of the disclaimer and withdrawing its defense. The plaintiff also argues that the defendant had a duty to defend the action regardless of its ultimate liability.[2]
The policy here under consideration provides that the defendant shall defend any suit against the insured alleging "such injury" even if such suit is groundless, false or fraudulent, and, that the company may make such investigation as it deems expedient. This provision conforms with the law in Florida that a public liability carrier's duty to defend the insured is to be determined from the allegations of the complaint, *189 declaration, or other statement of the cause of action filed in a suit against the insured.[3]
The complaint filed by Cooper against the plaintiff alleges that the assault was committed by Ervin and was in no way provoked by Cooper. The complaint further alleges that at all times pertinent to the suit Ervin was the manager and barkeep of the store and was acting in furtherance of his employer's business.
It is our determination that under the insurance contract entered into between the parties and the applicable Florida rule, the defendant had no duty to defend the suit brought by Cooper as the complaint did not allege an assault which may be considered an accident within the meaning of the insurance contract.
Whether or not the six month interval before the company disclaimed liability constituted a waiver or estoppel of available defenses is a question which must be resolved by a consideration of the circumstances of each case. The Supreme Court of Pennsylvania in a per curiam opinion, Gross v. Kubel, 315 Pa. 396, 172 A. 649, 95 A.L.R. 146 (1934) stated at page 651:
"The rule to be gathered from the numerous reported decisions upon the subject seems to be that the entry of an appearance for an insured by his insurance company does not of itself constitute a waiver of a defense available to it under the policy it has issued, but that it is entitled to a reasonable time in which to investigate and determine whether it desires to avail itself of any defense that may be found to exist. If its investigation is conducted with reasonable dispatch and its disclaimer is made with promptness upon the discovery of the facts, it does not lose its defense by the mere entry of an appearance. There can be no final rule for determining whether a company has acted reasonably in this respect."
Further, the party claiming an estoppel because of a delay in disclaiming liability must show that its rights were prejudiced thereby.[4]
Where as here the complaint against the insured alleges an assault and battery, it is reasonable for the insurance company to investigate the circumstances in an effort to determine whether coverage is provided under a policy which defines an assault and battery as an accident unless committed by or at the direction of the insured. After taking depositions, the insurance company notified the plaintiff two months before trial that it was disclaiming liability and withdrawing its defense. The plaintiff has presented no evidence which would indicate that the interval of six months before the defendant disclaimed liability was an unreasonable delay or that its rights were prejudiced thereby. We have therefore concluded that the appearance by the defendant for the plaintiff and subsequent investigation did not constitute a waiver or estoppel of available defenses.
It follows that the trial court erred in denying the defendant's motion for summary judgment and in entering a summary final judgment for the plaintiff.
Thus, the judgment appealed is reversed and the cause remanded for entry of judgment not inconsistent with this opinion.
Reversed and remanded.
NOTES
[1] Roberts v. R & S Liquor Stores, Inc., Fla.App. 1964, 164 So.2d 533; Columbia By The Sea, Inc. v. Petty, Fla.App. 1963, 157 So.2d 190.
[2] McGettrick v. Fidelity & Casualty Co. of New York, 264 F.2d 883 (2d Cir.1959).
[3] Bennett v. Fidelity & Casualty Company of New York, Fla.App. 1961, 132 So.2d 788.
[4] Jacksonville Adjust. Bureau v. National B.F. Fire Ins. Co., 1 F.2d 800 (S.D. Fla. 1924); State ex rel. Hawley v. Coogan, Fla.App. 1957, 98 So.2d 757; 7A. Appleman, Insurance Law and Practice, § 4693.