319 So.2d 164 (1975)
Herbert BUCHWALD, Appellant,
v.
HARTFORD ACCIDENT AND INDEMNITY COMPANY and Travelers Indemnity Company, Both Foreign Companies Authorized to Do Business in the State of Florida, Appellees.
Nos. 74-1663, 74-1664.
District Court of Appeal of Florida, Third District.
August 12, 1975.
Rehearing Denied October 15, 1975.
Pelzner & Schwedock, Miami, for appellant.
Walton, Lantaff, Schroeder, Carson & Wahl, and George W. Chesrow, Miami, for Hartford.
High, Stack, Davis & Lazenby and Alan R. Dakan, Miami, for Travelers, appellees.
Before PEARSON and HENDRY, JJ., and DREW, E. HARRIS (Ret.), Associate Judge.
PER CURIAM.
These appeals are by the plaintiff, Herbert Buchwald, who brought a declaratory action against two insurance companies claiming that each owed him a duty to defend a suit which had been filed against him. Separate judgments denying Buchwald's claim were entered against him in favor of the two insurance companies, Hartford Accident and Indemnity Company and Travelers Indemnity Company. The plaintiff filed an appeal from each judgment and the appeals were consolidated for all appellate purposes.
The judgments were entered upon defendants' motions for summary judgment, the trial judge holding that each suit was barred by the rule stated in Consolidated Mutual Insurance Company v. Ivy Liquors, Inc., Fla.App. 1966, 185 So.2d 187.[1]
Appellant's principal argument is that the cited case is not applicable. We hold that it is. See also Tennessee Corporation v. Lamb Brothers Construction Company, Fla.App. 1972, 265 So.2d 533 and C.A. Fielland, Inc. v. Fidelity & Casualty Company of New York, Fla.App. 1974, 297 So.2d 122. But see St. Paul Fire and Marine Insurance Company v. Icard, Merrill, Cullis and Timm, Fla.App. 1967, 196 So.2d 219. *165 There being no allegation in the declaratory suit that the original plaintiff in the damage suit ever claimed damages for anything other than willful assault and battery, we conclude that the trial judge correctly determined that there was no issue to be tried and decided the cause according to the governing law.
Affirmed.
HENDRY, J., dissents.
NOTES
[1] * * *

"2. The court finds that on the authority of Consolidated Mutual Insurance Co. v. Ivy Liquors, Inc., 185 So.2d 187 (Fla.App., 3d, 1966), the Defendant, TRAVELERS INDEMNITY CO. is entitled to a summary judgment as a matter of law on the undisputed facts.
"3. The court finds that the original suit of Samuels v. Buchwald was for the intentional tort of assault and battery, and the policy issued by the Defendant, TRAVELERS INDEMNITY CO. to Herbert Buchwald did not provide coverage for intentional torts. That being the case, TRAVELERS INDEMNITY CO. was not required to defend the action nor to pay any claim resulting therefrom."
* * *