343 So.2d 649 (1977)
HARTFORD FIRE INSURANCE CO. and St. Paul Fire and Marine Insurance Co., Appellants,
v.
Donald SPREEN et al., Appellees.
Nos. 76-1708 to 76-1711.
District Court of Appeal of Florida, Third District.
March 1, 1977.
Rehearing Denied April 1, 1977.
Wicker, Smith, Blomqvist, Davant, McMath, Tutan & O'Hara and Richard A. Sherman, Carey, Dwyer, Cole, Selwood & Bernard and Steven R. Berger, Miami, for appellants.
Noriega, Bartel, Chopp, Schatz, Levine & Shuford, Bradford, Williams, McKay, Kimbrell, *650 Hamann & Jennings and W. Sam Holland, Miami, for appellees.
Before HAVERFIELD and HUBBART, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
HUBBART, Judge.
This is a cross claim by an insured against his insurance carriers under certain insurance policies for payment of damages on an assault and battery complaint filed against the insured. Summary judgments were entered in favor of the insured and the carriers appeal. The issues presented for review are concerned with whether there is coverage under such policies for an assault and battery claim.
William King and his wife Edna were guests at a party one evening at a private home in Marathon, Florida. Donald Spreen and his wife were also guests at the party. Donald Spreen was dancing with another female guest at the party when William King approached him. King said to Spreen, "That's all right, Don. Keep dancing with Esther. You are doing real fine. I will go make love to your wife."
With that, Spreen stopped dancing, walked six to nine paces to where King was standing, and took a swing with his right fist at King. Spreen struck King in the area of his left eye causing a blow-out fracture of the orbital floor of the eye. King has since had two sensitive eye operations and claims loss of vision and related problems from the sunken eye.
By deposition and affidavit, Donald Spreen states that he intended to strike King in the face, but not to damage King's face or eye. He further states that he was reacting to what he regarded to be a crude and vulgar remark about his wife.
William and Edna King sued Donald Spreen and his three insurance carriers, Hartford Fire Insurance Co. ["Hartford"], St. Paul Fire and Marine Insurance Co. ["St. Paul"] and Fireman's Fund Insurance Co. ["Fireman's Fund"]. The complaint stated a cause of action for assault and battery and negligence. Spreen answered the complaint and filed a cross claim against his insurance carriers claiming coverage under the liability policies for the incident alleged in the complaint. Hartford and St. Paul answered the cross claim denying coverage on the assault and battery claim. Fireman's Fund, although initially denying coverage, has since admitted coverage for the incident under its policy.
Donald Spreen moved for summary judgment on his cross claims against Hartford and St. Paul based on the above facts established in deposition and affidavit. William King and his wife joined in this motion. The trial court entered summary judgment against Hartford on the coverage issue for any judgment rendered in the main action up to the limits of coverage under the policy, and against St. Paul for any judgment in excess of the policy limits of Hartford. Hartford and St. Paul appeal.

I.
The Hartford policy in this case is a homeowner's liability policy which covers the insured's legal obligation to pay damages for bodily injury and property damage caused by an "occurrence." The policy defines "occurrence" as an "accident;" it also excludes from coverage "bodily injury and property damage which is either expected or intended from the standpoint of the insured... ."
As to this policy, the issue presented for review is whether bodily injury inflicted by the insured in an assault and battery is covered by a homeowner's liability policy which insures against damages caused by an "accident" and which specifically excludes damages which are "either expected or intended from the standpoint of the insured." We conclude that the assault and battery incident herein is not covered by the Hartford policy and reverse.
The Florida courts in a line of cases have consistently held that insurance policies covering liability for an "accident" apply to any bodily injury or property damage inflicted by the insured on a third party where the insured does not intend to cause *651 any harm to the third party; this result obtains even though damages are caused by the insured's intentional acts and were reasonably foreseeable by the insured. Insurance coverage has accordingly been found under such policies where an insured unintentionally shoots himself while playing "Russian Roulette", Gulf Life Insurance Co. v. Nash, 97 So.2d 4 (Fla. 1957); or unintentionally shoots himself while attempting to disarm a person in a fight in which the insured is the aggressor, Harvey v. St. Paul Western Insurance Cos., 166 So.2d 822 (Fla.3d D.C.A. 1964); or unintentionally shoots a bystander during a family quarrel, Grange Mutual Casualty Co. v. Thomas, 301 So.2d 158 (Fla.2d D.C.A. 1974); or unintentionally hits a person in a crowd of people with a car while slowly driving into the edge of the crowd intending to disperse them, Phoenix Ins. Co. v. Helton, 298 So.2d 177 (Fla.1st D.C.A. 1974), or unintentionally injures a person in a car while intentionally pushing the car which was blocking a driveway, Cloud v. Shelby Mutual Insurance Co., 248 So.2d 217 (Fla.3d D.C.A. 1971). Running through all of these cases is an act of negligence by the insured, sometimes gross or even culpable negligence. But never has coverage been found under such policies where the insured's act was deliberately designed to cause harm to the injured party.
Indeed the law is well-settled that there can be no coverage under an insurance policy which insures against an "accident" where "the [insured's] wrongful act complained of is intentionally directed specifically toward the person injured by such act... ." Grange Mutual Casualty Co. v. Thomas, 301 So.2d 158, 159 (Fla.2d D.C.A. 1974). "Early on it became the overwhelming consensus in those cases that since such a policy was in essence an indemnification contract public policy mandated that an intentional tort was not an `accident' within the coverage for the reason that one ought not to be permitted to indemnify himself against his intentional [torts]." Leatherby Insurance Co. v. Willoughby, 315 So.2d 553 (Fla.2d D.C.A. 1975). Accordingly, an assault and battery committed by the insured has been held to be an intentional tort which is not covered by insurance policies which insure against an "accident." Consolidated Mutual Insurance Co. v. Ivy Liquors, Inc. 185 So.2d 187 (Fla.3d D.C.A. 1966). See also State Farm & Casualty Co. v. Saurazas, 334 So.2d 180 (Fla.4th D.C.A. 1976); Capoferri v. Allstate Insurance Co., 322 So.2d 625 (Fla.3d D.C.A. 1975); Buchwald v. Hartford Accident and Indemnity Co., 319 So.2d 164 (Fla.3d D.C.A. 1975).
In the instant case, the insured Donald Spreen committed an assault and battery upon William King. He reacted to deliberately hit King for a crude and insulting remark about his wife. In no sense, can this assault and battery be considered an "accident" which is covered under the Hartford policy.
The appellees argue that while Spreen intended to hit King he did so on the spur of the moment, did not foresee the extent of King's injuries, and therefore did not intend them. The argument is unpersuasive. It is a subtle method of introducing the tort rule of reasonable foreseeability into insurance contract cases through the back door. Such a notion has been repeatedly rejected by the Florida courts. Gulf Life Insurance Co. v. Nash, 97 So.2d 4 (Fla. 1957); Grange Mutual Casualty Co. v. Thomas, 301 So.2d 158 (Fla.2d D.C.A. 1974); Phoenix Ins. Co. v. Helton, 298 So.2d 177 (Fla.1st D.C.A. 1974); Cloud v. Shelby Mutual Insurance Co., 248 So.2d 217 (Fla.3d D.C.A. 1971); Harvey v. St. Paul Western Insurance Cos., 166 So.2d 822 (Fla.3d D.C.A. 1964). The fact that Spreen did not foresee the extent of King's injuries when he swung at King can no more provide coverage under the Hartford policy than can coverage be denied by the fact that Spreen should have foreseen such injury. Foreseeability is irrelevant to the coverage issue. The sole issue is whether Spreen intended to inflict any harm on King. This he clearly intended to do and the fact that he did not foresee or intend the extent of the harm inflicted does not convert the admitted assault and battery into an accident. *652 Clark v. Allstate Insurance Co., 22 Ariz. App. 601, 529 P.2d 1195 (1975); Terito v. McAndrew, 246 So.2d 235 (La. App. 1971).
We are further supported in our conclusion by the specific exclusion from coverage under the Hartford policy for any damages "which are either expected or intended from a standpoint of the insured." "The courts have generally held that injury or damage is `caused intentionally' within the meaning of an `intentional injury exclusion clause' if the insured has acted with the specific intent to cause harm to a third party ... ." Cloud v. Shelby Mutual Insurance Co., 248 So.2d 217, 218 (Fla.3d D.C.A. 1971). Spreen clearly acted to cause harm to King which thereby defeats coverage under the intentional injury exclusion clause.
We therefore hold that an injury caused by the insured in an intentional assault and battery is not covered under the Hartford homeowner's liability policy which provides coverage for damages caused by an "accident" and excludes from coverage damages "which are either expected or intended from the standpoint of the insured."

II.
The St. Paul policy is a personal catastrophe insurance policy which covers the insured's legal obligation to pay damages for "personal injuries." "Personal injuries" are defined as including but not limited to "bodily injury" as well as a number of intentional torts which do not include assault and battery.
As to this policy, the issue presented for review is whether bodily injury inflicted by the insured in an assault and battery is covered by a personal catastrophe policy which insures against "personal injuries," or "bodily injury" but does not specifically mention the tort of assault and battery. We conclude that the assault and battery in the instant case is covered by the St. Paul policy and affirm.
Unlike Hartford, the St. Paul policy is not limited to coverage for damages arising from an "accident." It broadly covers damages which the insured is liable to pay on account of "personal injuries," or "bodily injury." There is no limitation in the coverage section of the policy which refers to an "accident." Nor is there a specific exclusion in the policy for damages which are intentionally caused by the insured.
The law is well-settled that "[a] contract of insurance, prepared and phrased by the insurer is to be construed liberally in favor of the insured and strictly against the insurer, where the meaning of the language is doubtful, uncertain or ambiguous." Moore v. Connecticut Life Insurance Co., 277 So.2d 839, 842 (Fla.3d D.C.A. 1973). In view of this canon of construction, we think the coverage of the St. Paul policy for "personal injuries" defined inter alia as a "bodily injury" is broad enough to cover damages caused by an intentional assault and battery.
St. Paul relies on a definition clause in the policy which defines "occurrence" as an "accident" resulting in damages "neither expected or intended from standpoint of the insured." The term "occurrence," however, does not appear in the coverage section of the St. Paul policy nor in any exclusion clause which is applicable here and cannot be relied upon to defeat coverage.
We, therefore, hold that an injury caused by the insured in an intentional assault and battery is covered under the St. Paul personal catastrophe policy which provides coverage for damages legally incurred by the insured on account of "personal injuries" or "bodily injury."

III.
The summary judgment entered by the trial court against the appellant St. Paul Fire and Marine Insurance Co. is affirmed. The summary judgment entered by the trial court against the appellant Hartford Fire Insurance Co. is reversed and the cause remanded for proceedings consistent with this opinion.
Affirmed in part; reversed in part.