366 So.2d 801 (1979)
Marie DARRAGH, Appellant,
v.
Cadwallader BROCK and United States Fidelity & Guaranty Co., Inc., a Foreign Corporation, Appellee.
No. KK-102.
District Court of Appeal of Florida, First District.
January 9, 1979.
Rehearing Denied February 19, 1979.
John R. Grass, Pensacola, for appellant.
Danny L. Kepner of Shell, Fleming, Davis & Menge, Pensacola, for appellee U.S. Fidelity & Guaranty Co., Inc.
Donald H. Partington of Clark, Partington, Hart & Hart, Pensacola, for appellee Cadwallader Brock.
PER CURIAM.
Appellant claims on this appeal that the trial court erred in granting summary judgment to the appellee-insurer. We find no error and affirm.
*802 The action arose out of a physical confrontation between appellant and Brock at his residence during which she allegedly received injuries. She initially sued Brock for intentional tort, but subsequently, upon learning that his homeowner's liability insurance excluded coverage for "bodily injury and property damage which is either expected or intended from the standpoint of the insured," amended her complaint to allege negligence. The insurer argued below and here that Brock's alleged acts could in no way be considered negligence.
Our review of the record supports the insurer's position. Whatever the insured's degree of force might have been, it is clear from the appellant's own deposition that the natural probable, and intended result of his acts was to harm her. On this record, the insurer's liability was precluded as a matter of law. See West Building Materials, Inc. v. Allstate Ins. Co., 363 So.2d 398 (Fla. 1st DCA 1978); Hartford Fire Ins. Co. v. Spreen, 343 So.2d 649 (Fla. 3d DCA 1977).
Brock in his individual capacity also filed an "appellee's brief" in this cause contesting the summary judgment in favor of his insurer. However, he failed to file a cross-appeal indicating his adversity to the appellee-insurer. We therefore find that his motion requesting appellate attorney's fees against the insurer is precluded. Even if he had proceeded properly, there is not at this point any "judgment or decree . . against an insurer and in favor of an insured" justifying an award of attorney's fees under Section 627.428(1), Florida Statutes (1977).
Accordingly, Brock's motion for attorney's fees is DENIED and the summary judgment in favor of U.S.F. & G. is AFFIRMED.
ERVIN, Acting C.J., MELVIN, J., and MASON, ERNEST E., Associate Judge, concur.