412 So.2d 906 (1982)
Martha J. CLEMMONS, As Personal Representative of the Estate of Jerry Clemmons, Deceased, and Martha J. Clemmons, Individually, Appellant,
v.
AMERICAN STATES INSURANCE COMPANY, a Foreign Corporation, Appellee.
No. 80-1268.
District Court of Appeal of Florida, Fifth District.
March 31, 1982.
*907 Michael Maher and Herbert H. Hall, Jr., of Maher, Overchuck, Langa & Cate, P.A., Orlando, for appellant.
E. Clay Parker of Parker, Johnson, Owen & McGuire, Orlando, for appellee.
COWART, Judge.
The question in this case is whether or not injuries causing death, inflicted by an insured acting in necessary self-defense, are "intentional injuries" within the meaning of provisions of a liability policy that include under coverage acts committed by the insured not intended to cause serious bodily injury, but which exclude bodily injury "intended from the standpoint of the insured."
The facts are narrated most favorably to appellant. Leeper and Patten were target shooting at a landfill. Leeper was shooting a.45 caliber automatic pistol and Patten was shooting a .22 caliber rifle. Leeper had left a shotgun, unloaded, in his automobile parked nearby. Clemmons and Willis, strangers, approached. Willis took the rifle from Patten and started walking away with it. Leeper asked Willis to bring the rifle back. Willis turned around and raised the rifle while walking towards Leeper. Leeper shot Willis with the pistol. Clemmons then grabbed the shotgun and commenced to enter Leeper's automobile where Leeper knew there were shells for the shotgun. Leeper then shot Clemmons twice; the second shot fatally wounded Clemmons.
The personal representative of Clemmons' estate filed a wrongful death action against Leeper and appellee American States Insurance Company, which company had a liability policy covering Leeper. Appellee American States, although admitting the policy included within its coverage acts committed by the insured not intended to cause serious bodily injury, pleaded as an affirmative defense provisions in the policy that excluded coverage as to bodily injury either expected or intended from the standpoint of the insured. The insurance coverage issue was severed for a non-jury trial. Leeper testified that he believed the shotgun was loaded and that when he shot Clemmons his intent was not to kill Clemmons, but was merely to keep Clemmons from shooting him with the shotgun. The court directed a verdict for American States, holding that under the facts, as a matter of law, Clemmons' death was caused by Leeper's intentional act within the meaning of the policy exclusion.
Rather than weighing the evidence to reach a decision, in which process the trial judge trying the facts without a jury could have considered Leeper's credibility and have accepted or rejected evidence, the *908 decision below was in the form of a directed verdict and it is for that reason that the facts and all reasonable inferences therefrom have been accepted as those most favorable to appellant.[1] However, that matter is of little importance here. The facts as stated above are not really controverted because they were developed only in appellant's case; for whatever reason, it is here assumed that Leeper acted in necessary self-defense. The remaining question is one of law.
Apparently, cases considering similar problems have raised questions as to whether the insured's intention had to relate to the insured's act, or to the immediate effect or result of that act, or to an ultimate purpose or objective the insured intended to accomplish by the act. An insured can intend to do an act but not intend the immediate result; intend both act and immediate result but not an ultimate effect; or intend to do the act for one specific effect or purpose and the act result in consequences other than those intended. Of course, an insured can do and intend his act and intend to accomplish the act's ultimate purpose and merely regret the immediate result that is necessary in order for the act to achieve its intended ultimate purpose. We shall attempt to explain.
Florida courts have held that, where the insured did not intend to cause harm to the person injured, such exclusion in insurance policies did not apply, even though the acts were intentional and the injuries reasonably foreseeable to result from the act. In Gulf Life Insurance Company v. Nash, 97 So.2d 4 (Fla. 1957), although the insured shot himself while playing Russian roulette, it was held that the death did not result from an intentional act because the insured did not intend to injure himself. In Grange Mutual Casualty Co. v. Thomas, 301 So.2d 158 (Fla. 2d DCA 1974), McDowell intended to shoot one person, but accidently (unintentionally) shot Thomas, a bystander. The court held that Thomas' injuries were not intentionally inflicted and that the insurance exclusion did not apply. In Phoenix Insurance Company v. Helton, 298 So.2d 177 (Fla. 1st DCA 1974), the insured, attempting to disperse a crowd with his automobile, accidently (unintentionally) injured a member of the crowd and it was held that the insurance exclusion did not apply. In Cloud v. Shelby Mutual Insurance Company, 248 So.2d 217 (Fla. 3d DCA 1971), Cloud unintentionally caused injuries to the driver of another automobile, which other automobile Cloud was intentionally pushing out of his way with his car. The court held the exclusion did not apply because "coverage is not excluded as a matter of law where there was an `intentional act' but not an `intentionally caused' injury." See also Darragh v. Brock, 366 So.2d 801 (Fla. 1st DCA 1979). In Colonial Life and Accident Insurance Co. v. Cooper, 378 So.2d 806 (Fla. 3d DCA 1979), the insured jumped off of a building intending to injure himself and collect damages from the building's owner. He died instead. The court held his death was intentional although he did not intend the result saying "when an insured intends to cause an injury, the result of his action does not constitute an accident even if the damage is more severe than he wished or anticipated." Similarly, in Hartford Fire Insurance Co. v. Spreen, 343 So.2d 649 (Fla. 3d DCA 1977), the court rejected the argument that, since the damage to the victim's eye was greater than intended by the insured when he struck the victim, the eye injury was not intentional. The court examined all preceding cases and stated "insurance policies covering liability for an `accident' apply to any bodily injury or property damage inflicted by the insured on a third party where the insured *909 does not intend to cause any harm to the third party; this result obtains even though damages are caused by the insured's intentional acts and were reasonably foreseeable by the insured... . but never has coverage been found under such policies where the insured's act was deliberately designed to cause harm to the injured party." Id. at 650-51; see Annot., 2 A.L.R.3d 1238 (1965) ("Liability Insurance: Specific Exclusion of Liability for Injury Intentionally Caused by Insured").
Appellant cites two California cases[2] holding that injuries inflicted in self-defense are considered as being unintentional. These cases disregarded the express wording of the insurance policies and reasoned that, since usually the intentional infliction of injuries on another is wrongful, the purpose of the exclusion is to prevent the insured from "profiting from his own wrongdoing" and that, since acts committed in self-defense are not wrongful because they are legal, the exclusion does not apply. This is fine circular reasoning but it is fallacious. While generally it is true that the intentional infliction of injuries on another is wrongful, that rule is not absolute. Many times it is not wrongful in the legal sense, such as in self-defense or when a guard is preventing a convict from escaping.
In Etcher v. Blitch, 381 So.2d 1119 (Fla. 1st DCA 1979), after an altercation between two drivers, Etcher, on foot, attacked Blitch's vehicle with Blitch in it. Blitch pointed a revolver at Etcher intending, he said, to frighten Etcher by shooting out the window glass. Nevertheless the court held that Blitch's act in shooting Etcher "was in law intentional, not negligent." In Draffen v. Allstate Insurance Co., 407 So.2d 1063 (Fla. 2d DCA 1981), as in this case, the trial court in granting a directed verdict in favor of an insurer held, as a matter of law, that the bodily injury was intended within the meaning of the exact same insurance policy exclusion as is involved in this case. Draffen, an insured robber being pursued in the dark, shot six times in the direction of his pursuers; three of the six shots hit one pursuer named Atherton. Atherton, as plaintiff, aware that insurance policies exclude intentional acts, alleged that Draffen negligently and carelessly caused his gun to fire, striking Atherton. Although conceding, as an inference in favor of the appellant there required, that because it was dark Draffen might not have intended the immediate and specific result of the resulting gunshot wounds to Atherton, the trial judge held it was clear that Draffen "most certainly did intend to kill or injure one or more of his pursuers... ." 407 So.2d at 1065. The directed verdict in favor of the insurer was upheld.
Although at first glance it would appear that Draffen, a wrongdoer directing deadly force towards Atherton to avoid apprehension, and Leeper, an innocent acting in good faith and reluctantly directing deadly force toward the aggressor Clemmons only in necessary and justified self-defense, are at the extremes of legal comparison, nevertheless, insofar as the issue in this case is concerned, their cases are very analogous. Each did the same act: intentionally discharging a firearm while intentionally aiming it toward another human being. Each caused the same obviously foreseeable immediate result: the projectile intentionally sent forth struck the human to which it was intentionally directed and, as was to be expected, inflicted serious bodily injuries. Each did his act for a specific ultimate purpose or motive: Draffen to avoid being caught, Leeper to avoid harm to himself. Each can fairly and charitably be assumed to have preferred to accomplish his ultimate purpose (the avoidance of capture or the avoidance of harm to himself) without the necessity of causing injury to another. Each found he was in a dilemma and had to make a choice between inflicting injury on another or not achieving his ultimate desire. *910 Each made a decision and decided to inflict injury rather than suffer the alternative presented. Without regard to the difference between Leeper and Draffen, morally and under criminal law concepts, when each intentionally caused bodily injuries to another by intentionally shooting him, each acted within their insurance policy exclusion, notwithstanding that the ultimate purpose of each was to accomplish a distant objective or goal quite beyond and detached from the intended act of shooting and the immediate obvious result of thereby inflicting serious bodily harm.
Accordingly, as in Draffen, the final judgment based upon a directed verdict in favor of American States is
AFFIRMED.
SHARP, J., concurs.
DAUKSCH, C.J., concurs in conclusion only.
NOTES
[1] The trial judge, at the close of all the evidence in this non-jury trial, "directed a verdict" in favor of American States, rather than weighing the evidence and entering final judgment. If this court were reviewing a final judgment entered on the weight of the evidence against Clemmons, the evidence would be construed against Clemmons as appellant. However, where a trial judge trying a case non-jury involuntarily dismisses the cause and enters judgment for the adverse party because of legal insufficiency of the evidence, Fla.R.Civ.P. 1.420(b), on appeal the evidence must be construed in favor of the party dismissed. Tillman v. Baskin, 260 So.2d 509 (Fla. 1972).
[2] Mullen v. Glens Falls Insurance Co., 73 Cal. App.3d 163, 140 Cal. Rptr. 605 (5th Dist. 1977); Walters v. American Insurance Co., 185 Cal. App.2d 776, 8 Cal. Rptr. 665 (1st Dist. 1960). See also Brasseaux v. Girouard, 269 So.2d 590 (La. App. 3d Cir.1972), app. denied, 271 So.2d 262 (La. 1973) (relying on Walters).