426 So.2d 1301 (1983)
Michael B. BOSSON, Appellant,
v.
Kathryn E. UDERITZ, Appellee.
No. 82-1678.
District Court of Appeal of Florida, Second District.
February 23, 1983.
*1302 Jim Cowan, St. Petersburg, for appellant.
Albert B. Lewis of Piper, Esteva, Karvonen & Lewis, St. Petersburg, for appellee.
CAMPBELL, Judge.
Preparatory to leaving on an out-of-town trip, Michael Bosson, Wanda Bigham and Robin Morgan drove in Bosson's car to the Pinellas Square Mall to "get a purse." Once in the mall parking lot, they spotted Kathryn Uderitz, an elderly woman, and they called her over to the car on the pretext of asking for change. When Uderitz approached the passenger side of the vehicle, Wanda Bigham grabbed her purse and pulled it into the car. Uderitz grabbed at the car door handle, but as she did so, Bosson, who was driving, sped away.
Uderitz was injured, and she sued Bosson and the others, claiming intentional or negligent injury. She later added Allstate Insurance Company as a party defendant because Allstate provided automobile insurance to Bosson. Allstate later moved for summary judgment, and when the trial court granted it, Bosson appealed.
The only issue that we need consider here is whether the insurer may escape liability by virtue of its policy's intentional act exclusion clause. That clause provides:
This coverage does not apply to liability for: Bodily injury or property damage caused intentionally by, or at the direction of, an insured person.
The uncontroverted testimony given below and relied on by the trial court reveals that Bosson and his cohorts intended to steal the purse by exerting whatever force was necessary. Accordingly, the trial court could easily examine the robbery statute, section 812.13, Florida Statutes (1979), and see that the conduct amounted to robbery and that it was, therefore, intentional. Section 812.13 provides that acts committed in the course of a robbery include acts committed in flight during an attempt or the commission of the crime. Accordingly, it matters not that Uderitz received her injuries when Bosson drove away after the purse snatching.
At a minimum, the acts amounted to an assault, and under McDonald v. Ford, 223 So.2d 553 (Fla. 2d DCA 1969), and Hartford Fire Insurance Co. v. Spreen, 343 So.2d 649 (Fla. 3d DCA 1977), they were intentional and not negligent.
We therefore affirm the trial court's interpretation of the intentional act exclusion clause. Because we affirm on this issue, we do not decide whether the conduct falls within the ambit of an accident arising out of the ownership, use or maintenance of an automobile. See Novak v. Government Employees Insurance Co., 424 So.2d 178 (Fla. 4th DCA 1983).
AFFIRMED.
BOARDMAN, A.C.J., and LEHAN, J., concur.