534 So.2d 776 (1988)
Edward L. MARSHALL, Appellant,
v.
STATE FARM FIRE AND CASUALTY Company, Appellee.
No. 87-1767.
District Court of Appeal of Florida, Fourth District.
November 16, 1988.
Rehearing Denied January 5, 1989.
*777 Cathy Jackson Lerman of Cathy Jackson Lerman, P.A., and Gregg Pomeroy of Pomeroy & Pomeroy, P.A., Fort Lauderdale, for appellant.
Richard A. Sherman and Rosemary B. Wilder of Law Offices of Richard A. Sherman, P.A., Fort Lauderdale, for appellee.
DELL, Judge.
Appellant, Edward L. Marshall, appeals from a final summary judgment entered in an action for a declaratory judgment. The trial court held that appellee, State Farm Fire and Casualty Company (State Farm), did not have a duty under a homeowner's policy issued to appellant to furnish him with a legal defense or to indemnify him against any judgment which might be entered in a personal injury action filed against him by one, Mark Bailey. We reverse.
Appellant rented the master bedroom in his ex-wife's home. On October 21, 1985, appellant awoke to the sound of someone pounding on the bedroom windows. He and his ex-wife went to the front door and recognized Mrs. Marshall's son, Mark Bailey, as the person pounding on the windows. Appellant testified that when Bailey entered the house, he appeared very excited, his eyes were big and he was mumbling. He stated that Bailey's advance towards him put him in fear for his life. Appellant held a two-foot club in the air in an effort to discourage Bailey, but stated that when he saw the club would not discourage Bailey, he decided to get his gun. Appellant said he intended to show the gun to Bailey and to fire it in the house to frighten him. Appellant fired a warning shot towards the bottom of the couch. When he realized that the shot did not deter Bailey, he laid the gun flat in the palm of his hand and swung his hand at Bailey. The gun discharged, wounding Bailey. Appellant admitted that he tried to hit Bailey with the gun.
Q. Which is it? Were you swinging in order to make him keep his distance or were you trying to strike him?
A. Both. I wanted him to stay out of my way. I wanted to get by him because I wanted to get the hell out of there.
Appellant had owned the gun for more than thirty years but it had never been fired until the night of this altercation. The record does not disclose what caused the gun to fire.
Bailey filed a two-count complaint alleging in one count that appellant negligently discharged the firearm and in the second count that appellant intentionally shot him. State Farm filed a petition for declaratory relief to determine its duty under a homeowner's policy issued to appellant. State Farm alleged that the claims asserted by Bailey fell within the exclusionary language of the policy which provides:
SECTION II  EXCLUSIONS
1. Coverage L [personal liability] and Coverage M [medical payments to others] do not apply to:
a. bodily injury or property damage which is expected or intended by an insured;
Appellant denied State Farm's allegation that he intentionally shot Bailey and asserted as an affirmative defense that his actions were, at most, negligent and that he "was acting in self-defense, based upon a real and apparent fear of bodily harm and/or death at the hands of the respondent, Mark Bailey." The trial court entered a final summary judgment in which it held that appellee did not have a duty to defend or to indemnify appellant in the action filed by Bailey.
Appellant contends that questions of material fact exist as to whether the "intentional act" exclusion contained in State Farm's policy applies and that State Farm did have a duty to defend since Bailey's complaint alleged a cause of action covered under the policy. State Farm argues that *778 it makes no difference whether appellant intended to shoot Bailey since his admission that he intended to strike him falls squarely within the exclusionary language of its policy. State Farm takes the position that since the injury resulted from an intentional act, the act of striking Bailey, that the injury must be deemed "expected or intended by the insured" and therefore no coverage would apply. State Farm relies upon Hartford Fire Insurance Company v. Spreen, 343 So.2d 649 (Fla. 3d DCA 1977) and Clemmons v. American States Insurance Company, 412 So.2d 906 (Fla. 5th DCA), petition for review denied, 419 So.2d 1196 (Fla. 1982). We agree with the holding in Spreen, however we find the facts of Spreen distinguishable from this case. We disagree and acknowledge conflict with the holding in Clemmons as it applies to an insured who causes injury during an act of self-defense.
In Spreen, the insured struck a man named King in the area of his left eye, causing a blowout fracture of the orbital floor of the eye. Spreen admitted that he intended to strike King in the face, but claimed he did not intend to damage King's face or eye. He said he reacted to what he regarded as a crude and vulgar remark about his wife. The Third District concluded that it did not matter whether Spreen foresaw the extent of King's injury since he intended to inflict harm on King. The court stated:
We, therefore, hold that an injury caused by the insured in an intentional assault and battery is not covered under the Hartford homeowner's liability policy which provides coverage for damages caused by an "accident" and excludes from coverage damages "which are either expected or intended from the standpoint of the insured." [Emphasis added].
343 So.2d at 652.
Here the record fails to show evidence which would support a finding as a matter of law that appellant intended to shoot or, for that matter, to harm Bailey. Appellant testified that although he intended to strike Bailey, that he struck Bailey in order to escape from him. The record does not contain any evidence which discloses why the gun fired. We also find a total lack of evidence from which the trial court could conclude as a matter of law that appellant perpetrated an actionable assault and battery on Bailey.
In Clemmons v. American States Insurance Company, the court cited Spreen and concluded that an act of self-defense would also fall within the exclusionary language of "expected or intended." As we have previously said, we have no disagreement with the holding in Spreen as it applies to an intentional act of assault and battery. However, we do not find the holding in Spreen applicable to an act of self-defense. The Clemmons court recognized that
Florida courts have held that, where the insured did not intend to cause harm to the person injured, such exclusion in insurance policies did not apply, even though the acts were intentional and the injuries reasonably foreseeable to result from the act.
Id. at 908.
We agree with the court's statement in Spreen that "never has coverage been found under such policies where the insured's act was deliberately designed to cause harm to the injured party." However, we do not believe that the use of reasonable force in an act of self-defense should be construed as an act "deliberately designed to cause harm to an injured party." In United States Fire Insurance Company v. Pruess, 394 So.2d 468, 470 (Fla. 4th DCA 1981), we said:
It is a general rule of law that terms of an insurance policy must be construed to promote a reasonable, practical and sensible interpretation consistent with the intent of the parties.
The Second District Court of Appeal in Leatherby Insurance Company v. Willoughby, 315 So.2d 553, 554 (Fla. 2d DCA 1975) explained the underlying policy consideration which supports an "intentional act" exclusion.
Early on it became the overwhelming consensus in those cases [liability cases] that since such a policy was in essence an indemnification contract public policy *779 mandated that an intentional tort was not an "accident" within the coverage for the reason that one ought not be permitted to indemnify himself against his intentional wrongs. Necessarily, therefore, in determining whether or not an injury was caused by "accident," the matter was viewed from the standpoint of the intentional tortfeasor, not from that of an innocent victim as to whom such injury may have been indeed an accident. [Emphasis added].
In Spreen, the court pointed out:
Indeed the law is well-settled that there can be no coverage under an insurance policy which insures against an "accident" where "the [insured's] wrongful act complained of is intentionally directed specifically toward the person injured by the act... ." Grange Mutual Casualty Co. v. Thomas, 301 So.2d 158, 159 (Fla. 2d DCA 1974)... . Accordingly, an assault and battery committed by the insured has been held to be an intentional tort which is not covered by insurance policies which insure against an "accident." [Emphasis added].
343 So.2d at 651.
Etcher v. Blitch, 381 So.2d 1119 (Fla. 1st DCA 1979), cert. denied, 386 So.2d 636 (Fla. 1980), cited in Clemmons, recognized that self-defense constitutes a defense to an action for assault and battery. Similarly, in Price v. Gray's Guard Service Incorporated, 298 So.2d 461, 464 (Fla. 1st DCA), cert. denied, 305 So.2d 208 (Fla. 1974), the court stated:
A person unlawfully assaulted may repel force by force to the extent which to him seems reasonably necessary under the circumstances to protect himself from injury. (3 Fla.Jur. Assault and Battery, Section 20) A person who has no reason to believe that he can with safety avoid the necessity of defending himself is privileged to defend himself against another by force intended or likely to cause death or serious bodily harm, when he himself reasonably believes that the other is about to inflict upon him an intentional bodily harm or death. (See Restatement of Torts, 2d, Section 65)
The Florida legislature has also provided for the use of force in defense of one's person or in the defense of others:
776.012 Use of force in defense of person.  A person is justified in the use of force, except deadly force, against another when and to the extent that he reasonably believes that such conduct is necessary to defend himself or another against such other's imminent use of unlawful force.
Numerous other jurisdictions have held that the use of reasonable force in defense of one's persons does not fall within the "expected or intended" exclusion contained in appellee's policy. In State Farm Fire and Casualty Co. v. Poomaihealani, 667 F. Supp. 705, 708-09 (D.Haw. 1987), the court recognized that:
When faced with a harm-threatening situation, the decision to defend one's self is not a choice. It is an instinctive necessity. It would be ironic to exonerate an individual on the basis of self-defense but deny him insurance coverage of the costs of defense; yet allow insurance coverage to a person who negligently causes injury. Self defense negates criminal intent, State of Hawaii v. Miyahira, 721 P.2d 718 (Haw. App. 1986), and public policy requires a similar answer in insurance law.
Furthermore, the rationale for the intentional injury exclusion is inapplicable to cases of self-defense. The exclusion "prevents individuals from purchasing insurance as a shield for their anticipated intentional misconduct. Without such an exclusion, an insurance company's risk would be incalculable. An act of self-defense, however, is neither anticipated nor wrongful from the standpoint of the insured." Preferred Mutual Ins. Co. v. Thompson, [23 Ohio St. 3rd 78, 23 O.B.R. 208], 491 N.E.2d 688 at 691 [(Ohio 1986)] (emphasis in original).
The Supreme Court of Nebraska said in Allstate Insurance Company v. Novak, 210 Neb. 184, 313 N.W.2d 636, 640-41 (1981):
The cases, as evidenced by those already cited, point out that when one acts in self-defense the actor is not generally *780 acting for the purpose of intending any injury to another but, rather, is acting for the purpose of attempting to prevent injury to himself. It can easily be said that such act, though resulting in bodily injury to another, was neither expected nor intended within the terms of the policy. What was expected or intended was that there be no injury to the actor... . An injury resulting from an act committed by an insured in self-defense is not, as a matter of law, an expected or intended act within the meaning of a policy of insurance exempting bodily injuries or property damages which are either expected or intended from the standpoint of the insured.
The courts reached similar results in Economy Fire & Casualty Company v. Iverson, 426 N.W.2d 195 (Minn.App. 1988), Preferred Mutual Insurance Company v. Thompson, 23 Ohio St.3d 78, 491 N.E.2d 688 (1986), and Mullen v. Glens Falls Insurance Company, 140 Cal. Rptr. 605, 73 Cal. App.3d 163 (5th Dist. 1977).[1] We recognize that some jurisdictions have found the intentional act exclusion language applicable to cases where self-defense has been alleged as the basis for the injury.[2] However, we find the reasoning in the cases finding coverage more persuasive and consistent with the underlying policy of the intentional act exclusion.
The Supreme Court pointed out in Haenal v. United States Fidelity and Guaranty Company of Baltimore Maryland, 88 So.2d 888, 889 (Fla. 1956) that an isolated sentence in a policy should not be construed alone but must be construed in conjunction with the other provisions of the policy to arrive at a reasonable construction to accomplish the intent and purpose of the parties. The purpose of the exclusionary language as explained in Leatherby and Spreen is to prevent one from insuring himself against his intentional wrongs. We do not view use of reasonable force during an act of self-defense as a wrongful act intended to cause harm to another, nor does such an act amount to an intentional assault and battery for which damages may be recovered.
Accordingly, we hold that an exclusion contained in a homeowner's policy for "bodily injury or property damage which is expected or intended by the insured" does not, as a matter of law, constitute a bar to coverage for an act of self-defense. We also hold, for the reasons stated above, that the trial court erred when it concluded that State Farm did not have a duty to defend appellant in the action instituted by Mark Bailey against appellant. Therefore, we reverse the summary final judgment entered in favor of State Farm and remand this cause for further proceedings consistent with this opinion.
REVERSED and REMANDED.
ANSTEAD, J., and WARNER, MARTHA C., Associate Judge, concur.
NOTES
[1] See also Berg v. Fall, 138 Wis.2d 115, 405 N.W.2d 701 (Ct.App.), rev. denied, 139 Wis.2d 859, 415 N.W.2d 162 (1987); Transamerica Insurance Group v. Meere, 143 Ariz. 351, 694 P.2d 181 (1984).
[2] See, e.g., Stein v. Massachusetts Bay Insurance Company, 172 Ga. App. 811, 324 S.E.2d 510 (1984); McAndrews v. Farm Bureau Mutual Insurance Company, 349 N.W.2d 117 (Iowa 1984).