PER CURIAM.
We reverse a summary judgment entered in favor of an insurance company in an action by an insured seeking coverage under a homeowner’s policy. The trial court determined that there was no coverage because a third party’s injuries were intentionally inflicted by the insured, Blosser, who contends that he was acting in self-defense. We note that the trial court did not have the benefit of Marshall v. State Farm Fire and Casualty Co., 534 So.2d 776 (Fla. 4th DCA 1988), at the time of its decision. In Marshall, this court held that an exclusion in a homeowner’s policy for bodily injury or property damage which is expected or intended by the insured did not, as a matter of law, constitute a bar to coverage for an act of self-defense. Here, the record reveals genuine disputes of fact on the issue of self-defense, notwithstanding some language in the insured’s deposition that he intended to harm the third party.
Therefore, the final summary judgment is reversed. We remand for further proceedings.
GLICKSTEIN, STONE and POLEN, JJ., concur.