PER CURIAM.
An estranged and distraught husband abducted his wife from her place of business and transported her in a vehicle owned by the parties and insured by the appellee insurance company. While in the vehicle the husband shot and killed the wife. The personal representative of the estate of the deceased wife (appellant) filed a wrongful death action against the insurer seeking personal injury protection (PIP) and uninsured motorist (UM) benefits alleging that the victim injury (death) arose out of the operation, maintenance or use of the insured vehicle.
The trial court dismissed the complaint with prejudice on the grounds that (1) the complaint did not establish a causal connection between the use of the vehicle and the injury and death of the victim, citing Government Employees Ins. Co. v. Novak, 453 So.2d 1116 (Fla.1984), and Race v. Nationwide Mutual Fire Ins. Co., 542 So.2d 347 (Fla.1989); and (2) the death was not an accident under the insurance policy but resulted from the husband’s intentional act, citing Bosson v. Uderitz, 426 So.2d 1301 (Fla. 2d DCA 1983).[1] The personal representative of the deceased wife appeals. We affirm.
*334 This is another in a continuing series of similar cases. In addition to the cases cited above, see Reynolds v. Allstate Ins. Co., 400 So.2d 496 (Fla. 5th DCA 1981); Western World Ins. Co. v. Gleaves, 481 So.2d 557 (Fla. 5th DCA 1986), rev. dis’m., 499 So.2d 832 (Fla.1987); Fleming v. Hill, 501 So.2d 715 (Fla. 5th DCA 1987); State Farm Mutual Auto. Ins. Co. v. Barth, 579 So.2d 154 (Fla. 5th DCA 1991).
AFFIRMED.
COWART, PETERSON and DIAMANTES, JJ., concur.

. The appellant then filed a motion to amend complaint. This motion was not acted on by the trial court.