594 P.2d 1039

Samuel N. PARKINSON and Betty Parkinson, as parents and statutory representatives of their deceased son, Michael Parkinson, Plaintiffs-Appellants,

v.

FARMERS INSURANCE COMPANY of Arizona, a corporation, Defendant-Appellee.

No. 2 CA–CIV 3032.

Court of Appeals of Arizona, Division 2.

May 2, 1979.

**344**

Haralson, Kinerk & Morey, P. C. by Carter Morey, Tucson, for plaintiffs-appellants.

Slutes, Browning, Zlaket & Sakrison, P. C. by Thomas A. Zlaket, Tucson, for defendant-appellee.

OPINION

HATHAWAY, Judge.

This appeal attacks a judgment for appellee insurance company following a trial to the court sitting without a jury. We affirm.

Appellee's insured maintained a homeowner's insurance policy, which covered bodily injury caused by, among others, residents of the named insured's household under the age of 21 in the care of any insured, except when caused wilfully, intentionally or maliciously. The trial court found that the perpetrator of the injury, Michael Brez, was an insured, but that the policy was inapplicable because he acted intentionally. Appellee raises as a cross issue the trial court's determination that Brez was an insured, but we need not reach that issue because the evidence supports the determination that Brez acted intentionally.

Brez, the named insured's minor son, who had lived most of his life apart from his father, came to live with his father at the request of a parole officer from Alabama. After a short period, his father banished him from the home because of incorrigibility. Approximately a month later, the boy shot and killed the victim at the home of a third party.

Brez, the victim and other minors had gathered at a friend's home. Prior to the homicide, Brez had taken LSD, smoked marijuana, and drank whiskey and beer. The victim, who had broken up with his girlfriend, threatened to commit suicide and obtained a gun. One of the minors requested Brez to intervene. He did, first by arguing with the victim, then by threatening to kill him and by pointing a rifle at him to frighten him, he claimed, into giving up suicide. The rifle discharged, the bullet striking the victim in the head. There were no witnesses to the shooting.

After the shooting, Brez stole his father's car and fled Arizona with the victim's girlfriend. He was apprehended, charged with murder, and pled nolo contendere to voluntary manslaughter. While incarcerated, he was deposed by counsel for the parties to this action. He testified that he had been told the rifle was unloaded and that he fired it accidentally.

At trial, Brez' deposition, which is hearsay, Rule 801(c)–801(d), see also 804(b), Rules of Evidence, Arizona Rules of Court, was admitted by stipulation, but he was not called as a witness. During trial, appellants orally requested a writ of habeas corpus ad testificandum. Appellee objected for untimeliness, and the court refused to issue a writ. We find no error. An application for a writ of habeas corpus ad testificandum, made on the day assigned for the trial of a cause, is not timely where the applicant has known for a considerable period the whereabouts of the witness and that the case is set for trial on such day. *Brewer v. U. S.*, 150 F.2d 314 (9th Cir. 1945). 97 C.J.S., Witnesses § 30 (1957).

Over appellants' proper objections, the court also admitted Brez' statements to the arresting officer when he was apprehended, the arresting officer's testimony as to Brez' statements, the girlfriend's statement, depositions and statements of other minors present at the time of the homicide, and transcripts of the coroner's inquest and juvenile transfer proceedings in the criminal case, all of which included references to

statements allegedly made by Michael Brez. Appellants did not object, however, to the arresting officer's opinion as to Brez' intention when the rifle discharged, which was also admitted.

Appellants contend that if the evidence other than Brez' deposition were excluded, no evidence would support the trial court's determination that Brez acted intentionally. We disagree. Assuming arguendo that this hearsay was inadmissible to prove the truth of the matters asserted, the trial court's determination is supported by substantial evidence. We assume that if improper evidence was admitted, the court ignored it and considered only the admissible evidence. If the admissible evidence is sufficient to support the judgment, it will be sustained regardless of error. *County of Maricopa v. Sperry Rand Corp.*, 112 Ariz. 579, 544 P.2d 1094 (1976); *State v. Gunther & Shirley Co.*, 5 Ariz.App. 77, 423 P.2d 352 (1967).

■ Before discussing the evidence supporting the judgment, we reject appellants' claim that for the exclusion to apply Brez must have acted with the specific intent to kill the victim. Although the exclusion is inapplicable when the perpetrator acts without any intent or expectation of causing injury, *Vanguard Insurance Co. v. Cantrell*, 18 Ariz.App. 486, 503 P.2d 962 (1972), it is applicable when he acts with an intent to cause injury but the actual injury differs from the one intended or expected. *Steinmetz v. National American Insurance Co.*, 121 Ariz.App. 268, 589 P.2d 911 (1 CA-CIV 3764, filed 12/21/78). Absent mental illness or intoxication destroying the capacity to form this intent, the intent exists when one acted under circumstances where the natural and probable consequence of the act is some injury. *Steinmetz, supra; Lockhart v. Allstate Insurance Co.*, 119 Ariz. 150, 579 P.2d 1120 (App.1978).

In his deposition, Brez stated that he acted accidentally, but the trial court may disbelieve the testimony of an interested witness, even if unimpeached. *Hayne v. Hayne*, 9 Ariz.App. 99, 449 P.2d 633 (1969). See generally, F. James and G. Hazard, Civil Procedure, Sec. 7.7, at 247 (2nd ed. 1977); Annot., 62 A.L.R.2d 1191 (1958). Although not a party to this action, Brez' testimony was self-serving. Furthermore, his testimony was impeached, first by evidence that he fled the jurisdiction and second by his inconsistent statements offered only for impeachment purposes. Once Brez' deposition was admitted, the prior inconsistent statements were admissible for impeachment. Rule 806, Rules of Evidence, supra; C. McCormick, Evidence, Sec. 37, note 57 (2nd ed. 1972).

■ Brez acted either intentionally or accidentally. Because denial of one disjunct implies the other, the trial court's reasonable disbelief that he did not act accidentally permits the conclusion that he acted intentionally. Brez' prior inconsistent statements, which impeach his claim that he acted accidentally, therefore permits the conclusion that he acted intentionally. See James & Hazard, supra, Sec. 7.11 at 275.

Appellant's final contention is that Brez was too intoxicated to form the required intent. In his deposition, Brez stated that he was so heavily intoxicated that his recollection of the homicide was affected. Unlike *Vanguard*, supra, and *Nettles v. Evans*, 303 So.2d 306 (La.App.1974), however, no medical testimony in support of the claimed incapacity was presented. The officer at the scene of the homicide testified that Brez did not appear intoxicated. It was the trial court's responsibility to resolve the conflict in the testimony; we will not substitute our judgment for that of the trial court. *Siegrist v. Carrillo*, 112 Ariz. 218, 540 P.2d 690 (1975).

The judgment is affirmed.

RICHMOND, C. J., and HOWARD, J., concurring.