**FARMER IN THE DELL ENTERPRISES, INC., Plaintiff Below, Appellant,**

**and**

**Eric A. Vestal, Constance M. Richardson, and James T. Richardson, Defendants and Third-Party Plaintiffs Below, Appellants,**

**v.**

**FARMERS MUTUAL INSURANCE COMPANY OF DELAWARE, INC., Third-Party Defendant Below, Appellee.**

Supreme Court of Delaware.

Submitted: May 28, 1986.
Decided: Sept. 22, 1986.

---

Edward T. Ciconte and Jeffrey P. Wasserman (argued) of Ciconte & Roseman, Wilmington, for plaintiff-appellant.

Marsha Kramarck of Woloshin, Tenenbaum & Natalie, Wilmington, for defendants and third-party plaintiffs-appellants.

Richard Galperin (argued) and Maureen M. Blanding of Morris, James, Hitchens & Williams, Wilmington, for third-party defendant-appellee.

Before McNEILLY, MOORE and WALSH, JJ.

WALSH, Justice:

This is a consolidated appeal from a grant of summary judgment by the Superior Court which, in effect, determined that coverage was not available under a homeowner's insurance policy for damage caused by a fire intentionally set by the insureds' minor child. The appellants are the insureds, their minor son, and the property owner whose restaurant was destroyed in the fire. They contend that the Superior Court erred in construing the policy's exclusionary clause to include damages which were not intended but merely foreseeable. We conclude that the Superior Court correctly interpreted the exclusionary clause and accordingly affirm.

I

The grant of summary judgment by the Superior Court took a circuitous route. One judge of that Court denied the insurer's motion for summary judgment because unresolved issues of fact remained. Another judge then conducted an evidentiary hearing at which factual findings were made and forwarded to the judge initially assigned. Based on those factual findings the initial judge granted summary judgment in favor of the insureds.

Notwithstanding these convolutions, the factual basis for the insurance claim is essentially undisputed. In May 1980, the Farmer In The Dell Restaurant was destroyed by a fire which spread from a trash pile placed near the building. Two juveniles, one of whom was the son of the insureds in this case, later admitted starting the fire in a trash pile located some distance from the restaurant and then setting the burning trash next to the restaurant building to which the fire spread. The Superior Court determined, as a matter of fact, that the insureds' son intended to start a fire in the trash pile but not to burn the restaurant building, even though it was foreseeable under the circumstances that the building would also catch fire.

The appellee, Farmers Mutual Insurance Company of Delaware ("Farmers Mutual"),

denied coverage when joined as a third-party defendant in an action commenced by the restaurant owner against the minors and their parents. Although it conceded that Eric Vestal, as a minor residing in the household of his parents, was an "insured" within the meaning of his parents' homeowners policy, Farmers Mutual denied coverage for damage to the restaurant under an exclusion provision which precludes payment for "bodily injury or property damage: a. which is expected or intended by the insured...." Appellants read this language to require a completely subjective test of intent, *i.e.*, if the insured specifically intended the resulting damage coverage is excluded, but if he intended only to cause the act which inadvertently resulted in damage the exclusion does not apply. The Superior Court ultimately rejected this construction.

## II

Before interpreting the exclusion clause we must address appellants' contention that the final ruling of the Superior Court was contrary to the "law of the case" announced by the same judge in his initial denial of summary judgment, where he appeared to embrace a completely subjective intent standard.

While it does appear that the Superior Court's initial opinion rejected Farmers Mutual's argument that general intent to cause damage is sufficient to bar coverage, the Court denied summary judgment because it found the exclusion clause ambiguous and because the minor's intent remained an unresolved issue of material fact. Since this expression of the law was incident to the denial of summary judgment, it does not amount to a judicial decision. *Brunswick Corporation v. Bowl-Mor Company, Inc.*, Del.Supr., 297 A.2d 67, 69-70 (1972). Indeed, in this case the initial decision denying summary judgment led to an evidentiary hearing for the purpose of resolving material factual issues. The resolution of these issues, in turn, resulted in a final order which presents the coverage issue for appeal in its present form.

## III

The exclusion provision under review here is of the type generally referred to as the "intentional tort" exclusion, and has been the subject of decisions in a number of other jurisdictions because of its seeming ambiguity. *Pachucki v. Republic Ins. Co.*, Wisc.Supr., 89 Wis.2d 703, 278 N.W.2d 898 (1979); *Butler v. Behaeghe*, Colo.App., 37 Colo.App. 282, 548 P.2d 934 (1976); *Eisenman v. Hornberger*, Pa.Supr., 438 Pa. 46, 264 A.2d 673 (1970); *See: Annotation: Construction and Application of Provision of Liability Insurance Policy Expressly Excluding Injuries Intended or Expected by Insured*, 31 A.L.R.4th 957 (1984). Although there have been variations in the treatment of claims arising under expected or intended tort exclusions, two principal views have evolved from the decisional law. One view is that the insured must intend the act and some kind of injury or damage for coverage to be avoided. *Butler*, 548 P.2d at 938. Other courts have applied the exclusion only where the insured intended to cause the specific type of injury or damage which followed the intentional act. *See Eisenman*, 264 A.2d at 674.

We decline to adopt the rule of complete subjectivity urged by appellants. We believe the better rule to be that which permits application of the exclusion upon the showing of an intentional act coupled with an intent to cause some injury or damage so long as it is reasonably foreseeable that the damage which actually followed would in fact occur. *Butler v. Behaeghe*, 548 P.2d at 938-939. This standard simply applies the accepted principle of tort law that where there is intentionally tortious conduct, ordinary consequences as well as specifically intended consequences of that conduct are deemed intended. *Butler*, 548 P.2d at 939; *Parkinson v. Farmers Insurance Co.*, Ariz.App., 122 Ariz. 343, 594 P.2d 1039, 1041 (1979); *Mid Amer-*

*ica Fire v. Smith,* Ill.App., 109 Ill.App.3d 1121, 65 Ill.Dec. 634, 636, 441 N.E.2d 949, 951 (1982). Thus it is the unintentional, but foreseeable, scope of the intentional act which controls.

Certain of the authorities relied upon by appellants barred application of the exclusion where no damage or injury was intended from intended acts used merely to scare or frighten the injured party. *See e.g., State Farm Fire & Casualty Company v. Muth,* Neb.Supr., 190 Neb. 248, 272, 207 N.W.2d 364 (1973). Those authorities are inapposite here. Where the tortfeasor clearly lacks the intent to inflict any damage or injury, and it is not foreseeable that damage will occur, the exclusion will not apply.

■ In this case, the Superior Court determined, as a matter of fact, that the insured minor intended to start a fire and thereby cause damage to the property of another. The fact that he intended damage only to trash is irrelevant. His conduct was clearly illegal and an infringement upon the property interests, however insignificant, of another person. The additional act of setting the burning trash next to a building rendered it entirely foreseeable that additional damage would occur. Under the appropriate standard of construction, the intentional tort exclusion effectively barred coverage for such conduct. The Superior Court's grant of summary judgment reflects a correct application of the law and is accordingly

AFFIRMED.