554 So.2d 504 (1989)
STATE FARM FIRE AND CASUALTY COMPANY, Petitioner,
v.
Edward L. MARSHALL, Respondent.
No. 73652.
Supreme Court of Florida.
December 21, 1989.
Richard A. Sherman and Rosemary B. Wilder of the Law Offices of Richard A. Sherman, P.A., Fort Lauderdale, for petitioner.
Dean J. Trantalis, Coral Springs, for respondent.
PER CURIAM.
We have for review Marshall v. State Farm Fire & Casualty Co., 534 So.2d 776 (Fla. 4th DCA 1988), based on conflict with Clemmons v. American States Insurance Co., 412 So.2d 906 (Fla. 5th DCA), review denied, 419 So.2d 1196 (Fla. 1982). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We quash the opinion of the district court below.
This case presents the issue of whether an intentional act exclusion in a liability insurance policy excludes coverage for an act of self-defense where the insured intends to harm the attacker. We conclude that it does.
Marshall was renting the master bedroom in the home of his ex-wife, Carolyn, when he was awakened by someone pounding on his bedroom windows. He and Carolyn went to the door and saw Carolyn's son, Bailey. It was Marshall's testimony that Bailey broke a window, came in through the opening, and advanced on him wildly swinging his fists. Fearing for his life, Marshall tried to discourage Bailey by holding up a wooden club; failing in this effort, he got his semiautomatic pistol from the bedroom and threatened Bailey by firing a warning shot. When Bailey continued to advance, he placed the gun flat in the palm of his hand, with his finger away from the trigger, and struck Bailey.
The gun discharged injuring Bailey, who filed suit alleging that Marshall "did negligently discharge the aforesaid firearm," or in the alternative, that he "did intentionally shoot the Plaintiff with the intent of inflicting grievous harm." State Farm filed a separate petition for declaratory relief against Marshall and Bailey to determine its obligations under Marshall's homeowner's policy, which contained the following provision:
SECTION II  EXCLUSIONS
1. Coverage L [personal liability] and Coverage M [medical payments to others] do not apply to:

*505 a. bodily injury or property damage which is expected or intended by an insured... .
State Farm contended that because Bailey's complaint alleged that the shooting was intentional, State Farm had no duty to defend or indemnify Marshall in the action. Marshall countered by asserting that the shooting was done in self-defense. The trial court entered final summary judgment in favor of State Farm. The district court reversed, holding that an intentional act exclusion does not constitute a bar to liability coverage for an act of self-defense, and that State Farm thus was obligated to defend Marshall.
State Farm petitioned for review before this Court based upon conflict with Clemmons, in which the court expressly ruled that an intentional act exclusion eliminates an insurer's duty to defend or indemnify for intentional acts of self-defense. While the present declaratory judgment action was pending, State Farm defended Marshall under a reservation of rights. The jury found that Marshall had committed an intentional assault or battery on Bailey and that Marshall's actions were not "a reasonable use of force to prevent imminent death or great bodily harm to himself." Consistent with the jury's verdict, the trial court ordered that Bailey recover $200,000 in compensatory damages and $375,000 in punitive damages.
In the present proceeding, Marshall concedes that intentional acts are excluded from coverage under his policy and that he intended to harm his assailant, but he contends that public policy supports coverage because he was acting in self-defense. We disagree. Courts have pointed out that the purpose underlying the intentional act exclusion is twofold. First, insurance companies set rates based on the random occurrence of insured events; if an insured is allowed to consciously control the occurrence of these events through the commission of intentional acts, the principle is undercut. Second, indemnification for intentional acts would stimulate persons to commit wrongful acts. Courts favoring coverage conclude that neither of these reasons apply where self-defense is concerned, since acts of self-defense are not the type of deliberate act that one would consciously undertake based on insurance coverage and such acts are not wrongful. These courts also express a concern that if the exclusion embraces self-defense, liability coverage is nonexistent for the homeowner defending his home and family, because an intentional act exclusion is present in practically every policy and is nonnegotiable.
Marshall claims that the public policy promoting self-defense is evidenced by section 776.012, Florida Statutes (1987), which authorizes the use of force in defense of one's person under certain circumstances. This argument is unpersuasive. The intent underlying an act of self-defense where the defender intends to harm the attacker is identical to that underlying an assault. In each, the actor intends to inflict harm on the other. Just as assault is often impulsive or reactive, so too is self-defense. The difference between the two lies in the motive or purpose governing the act; the motive for one is worthy, that for the other is not. See Clemmons. Nevertheless, such acts of self-defense are undeniably intentional and have been held to be embraced within intentional act exclusions by a majority of courts. See, e.g., Western World Ins. Co. v. Hartford Mut. Ins. Co., 600 F. Supp. 313 (D.Md. 1984); Home Ins. Co. v. Neilsen, 165 Ind. App. 445, 332 N.E.2d 240 (1975); Grange Ins. Co. v. Brosseau, 113 Wash.2d 91, 776 P.2d 123 (1989). But see State Farm Fire & Casualty Co. v. Poomaihealani, 667 F. Supp. 705 (D.Haw. 1987); Transamerica Ins. Group v. Meere, 143 Ariz. 351, 694 P.2d 181 (1984). See generally Annotation, Acts in Self-defense as Within Provision of Liability Insurance Policy Expressly Excluding Coverage for Damage or Injury Intended or Expected by Insured, 34 A.L.R. 4th 761 (1984).
We align ourselves with the majority of jurisdictions, which hold that self-defense is not an exception to the intentional acts exclusion and the clear terms of the policy control. In such cases, the sanctity of the parties to freely contract prevails. Members *506 of the public may wish to insure themselves against liability incurred while lawfully defending themselves, but they must bargain for such coverage and pay for it. We will not rewrite a policy under these circumstances to provide coverage where the clear language of the policy does not; nor will we invoke public policy to override this otherwise valid contract. We quash the decision of the district court below.
It is so ordered.
EHRLICH, C.J., and OVERTON, SHAW, GRIMES and KOGAN, JJ., concur.
McDONALD, J., dissents with an opinion, in which BARKETT, J., concurs.
McDONALD, Justice, dissenting.
I would approve the opinion under review and specifically embrace the rationale of State Farm Fire & Casualty Co. v. Poomaihealani, 667 F. Supp. 705, 708-709 (D.Haw. 1987):
When faced with a harm-threatening situation, the decision to defend one's self is not a choice. It is an instinctive necessity. It would be ironic to exonerate an individual on the basis of self-defense but deny him insurance coverage of the costs of defense; yet allow insurance coverage to a person who negligently causes injury. Self defense negates criminal intent, State of Hawaii v. Miyahira, [6 Haw. App. 320] 721 P.2d 718 (Haw. App. 1986), and public policy requires a similar answer in insurance law.
Furthermore, the rationale for the intentional injury exclusion is inapplicable to cases of self-defense. The exclusion "prevents individuals from purchasing insurance as a shield for their anticipated intentional misconduct. Without such an exclusion, an insurance company's risk would be incalculable. An act of self-defense, however, is neither anticipated nor wrongful from the standpoint of the insured." Preferred Mutual Ins. Co. v. Thompson, [23 Ohio St.3d 78] 491 N.E.2d 688 at 691 [1986] (emphasis in original).
BARKETT, J., concurs.