FARMER, Judge.
The issue is whether the purposeful and deliberate act of striking another person in defense of oneself falls within the meaning of a homeowner’s insurance policy exclusion for bodily injury which is either expected or intended by an insured even if the actor did not intend to harm the person struck. In this case,.the altercation occurred at a social gathering at the insured’s house. Some good-natured bantering evolved into physical horseplay which in turn became quite unfri-volous. A chokehold led to pushing, which led to taunting, which finally culminated in the host/insured delivering a substantial blow to the head of his guest. The result was a broken cheekbone and nose and two black eyes.
The guest sued the host alleging that the host “negligently choked and struck the [guest] in the face.” The insurance carrier, State Farm, intervened and pleaded for a declaratory judgment that there was no coverage under the policy for the claim in suit. The policy exclusion provided that coverage did not apply to “bodily injury or property damage: (1) which is either expected or intended by an insured; or (2) to any person or property which is the result of willful and malicious act of an insured.”
During pretrial discovery, the host testified as follows:
“And he [the guest] .got mad, and jumped up and came at me. And pushed *669 me. Pushed me again. And he was coming at me. And I — he was still coming at me. He wouldn’t stop. And that means he’s going to hit me. So I hit him first, as he was coming at me. To me it was a case of self defense.”
In connection with pending motions by everyone for summary judgment, the guest filed an affidavit of the host in which he said in part:
“At all times material to the incident complained of, I was merely horseplaying with the [guest], and at no time did I ever intend to cause him bodily harm. That any damages inflicted upon [the guest] were unintended and such were merely the result of horseplay which escalated to a point where an unintended and unfortunate incident occurred.”
The circuit court found coverage and hence this appeal.
The supreme court’s decision in State Farm Fire & Casualty Co. v. Marshall, 554 So.2d 504 (Fla.1989), compels the conclusion, we think, that coverage is excluded for the claim in suit. In that case, the insured swung a gun at his stepson — who had entered the home late at night in an excited condition — in an attempt to frighten him; but the gun discharged and injured the stepson. When the stepson sued, the insured denied intentionally shooting the stepson but admitted that he did try to hit him with the gun when he swung it at him. Stating the issue as “whether an intentional act exclusion in a liability insurance policy excludes coverage for an act of self-defense where the insured intends to harm the attacker,” the supreme court quashed our decision finding coverage. The court explained:
“We align ourselves with the majority of jurisdictions, which hold that self-defense is not an exception to the intentional acts exclusion and the clear terms of the policy control. In such eases, the sanctity of the parties to freely contract prevails. Members of the public may wish to insure themselves against liability incurred while lawfully defending themselves, but they must bargain for such coverage and pay for it. We will not rewrite a policy under these circumstances to provide coverage where the clear language of the policy does not; nor will we invoke public policy to override this otherwise valid contract.”
554 So.2d at 505-506. We note that the text of the exclusion here is identical to that in Marshall.
We reject the insured’s argument. He contends that he sufficiently negated, by reason of his discovery testimony, any intent to injure the guest, even though he did intend to strike him, and therefore the intentional acts exclusion does not apply. As we have already seen, the insured clearly admitted that he struck his unruly guest in self defense against menacingly aggressive behavior. But the fact that the punch was thrown in self defense does not establish that it had no purpose to injure. In fact, quite the opposite is true. If one accepts the notion at all that it is reasonably necessary to strike an aggressor with force enough to break a nose and cheekbone, it is hardly acceptable to contend that an injury to the aggressor is not intended. If the injury is not intended, why attempt an act so calculated to injure?
In truth the insured invites us to find some difference between intending an act and intending the foreseeable and logical consequences of an act. Even if Marshall allowed us to do so, we should have to decline under the undisputed facts of this ease. The host testified that he intended to strike the head of his menacing guest with the force that he expended. That force was sufficient to inflict serious injuries, a broken nose and a broken cheekbone. The distinction posed would allow all manner of persons engaging in intentional acts to escape accountability for those acts simply by disclaiming any intent to achieve the precise result that occurred. We cannot fairly do that.
REVERSED.[1]
GUNTHER and POLEN, JJ., concur.

. State Farm’s unilateral amendment to its notice of appeal of the coverage judgment, seeking *670 to add review of the cost judgment, was ineffective to do so. The cost judgment was rendered after the coverage judgment and more than 30 days after the filing of the notice of appeal from the coverage judgment. See League of Mercy Ass'n v. Walt, 376 So.2d 892 (Fla. 1st DCA 1979), cert. denied, 386 So.2d 639 (Fla.1980). Because State Farm did not separately appeal the cost judgment timely, we lack jurisdiction to review it.