SUPERIOR COURT
OF THE
STATE OF DELAWARE

E. SCOTT BRADLEY
JUDGE

1 The Circle, Suite 2
GEORGETOWN, DE 19947

June 7, 2016

Susan List Hauske, Esquire
Tybout, Redfearn & Pell
750 Shipyard Drive, Suite 400
P.O. Box 2092
Wilmington, DE 19899

Debra C. Aldrich, Esquire
Doroshow, Pasquale, Krawitz & Bhaya
28535 DuPont Boulevard, Suite #2
Millsboro, DE 19966

Paul G. Enterline, Esquire
113 South Race Street
P.O. Box 826
Georgetown, Delaware 19947

> **RE: *State Farm Fire and Casualty Company v. Jennifer Wilkerson, et al.***
> ***C.A. No. S14-09-014 ESB***

Dear Counsel:

This is my decision on the Motions for Summary Judgment filed by the parties in this case involving a dispute over whether a homeowner's insurance policy provides coverage for an incident where one child used a paintball gun to intentionally shoot a paintball at another child.[1]  Chad Wilkerson used a paintball gun to intentionally shoot a paintball at a group of kids.  Ethan Joseph was one of the kids

---

[1] A paintball gun, which is also called a paintball marker, uses some type of compressed air or gas to force a gelatin capsule filled with paint through the gun's barrel. *Mullen v. Northern Neck Insurance Co.,* 67 Va. Cir. 434, at *2 (Va.Cir. 1997).  See also 18 Pa. C.S.A. §2707.2(a.1)(c).

in the group. The paintball hit Ethan's eye, causing severe damage to his eye. Ethan and his parents sued Chad and his parents. Chad's parents have a homeowner's insurance policy with State Farm Fire and Casualty Company. Pursuant to the policy, if a suit is brought "against an insured for damages because of bodily injury or property damage to which coverage applies, caused by an occurrence," State Farm will pay up to its limits of liability "for the damages for which the insured is legally liable," and "provide a defense." Excluded from the coverage is "bodily injury or property damage which is either expected or intended by the insured." State Farm filed suit against Chad and Ethan and their respective parents for a declaratory judgment as to whether it is obligated to defend and/or indemnify Chad and his parents as a result of the lawsuit brought against them by Ethan and his parents.

### Background

Chad and some friends were playing football at the Gumboro Community Center. During a break, William Betts drove Chad to a Walmart store to purchase a paintball gun. Shortly thereafter, Chad returned to the Gumboro Community Center. While still in the car, Chad extended the paintball gun outside of the passenger side window, called over to a group of his friends to approach the car, and fired a paintball at the group of kids. The paintball hit Ethan's eye, causing serious damage to it. The following are relevant questions and answers from Chad's deposition:

2

Q. You intended to shoot it at the group of people, is that correct?
A. Yes.[2]

Q. When you pulled the trigger on the paintball marker, and it was in the direction of Joseph what did you expect to happen?
A. I expected to, you know, get everyone wanting to play paintball.[3]

Q. When you pulled the trigger on the paintball marker while it was pointed in the direction of Ethan Joseph, did you intend to hit him?
A. Yes.[4]

Q. Okay. And you intended to hit him where?
A. Feet, knees, somewhere low. It wasn't even exactly at Ethan, like in particular. It was just any of them really, to be honest.[5]

Q. So you intended to him [*sic*] maybe somebody?
A. Yes.[6]

Q. Did you understand that shooting the paintball marker at somebody may cause injury?
A. Yes.[7]

### Standard of Review

Summary Judgment is appropriate where there are no genuine issues of

---

[2] Defendant's Exhibit C at 21.

[3] *Id.* at 32-33.

[4] *Id.* at 34.

[5] *Id.*

[6] Defendant's Exhibit C at 35.

[7] *Id.* at 23.

material fact and the moving party is entitled to judgment as a matter of law.[8] The moving party must initially demonstrate that there is no genuine issue of material fact.[9] If that burden is met, the burden then shifts to the non-moving party to demonstrate that an issue of material fact remains in dispute.[10] Where the parties have filed cross motions for summary judgment and have not presented argument to the Court that there is an issue of fact material to the disposition of either motion, the Court shall deem the motions to be the equivalent of a stipulation for decision on the merits based upon the record submitted with the motions.[11] Neither party's motion will be granted unless no genuine issue of material fact exists and one of the parties is entitled to judgment as a matter of law.[12] Filing of a cross motion for summary judgment does not serve as a waiver of the party's right to assert the existence of a factual dispute as to the other party's motion.[13]

## Discussion

Delaware law recognizes the validity of exclusion provisions in a homeowner's

---

[8] Superior Court Civil Rule 56(c).

[9] *Brzoska v. Olson*, 668 A.2d 1355, 1364 (Del. 1995).

[10] *Id.*

[11] Superior Court Civil Rule 56(h).

[12] *Emmons v. Hartford Underwriters Insurance Co.*, 697 A.2d 742, 745 (Del. 1997).

[13] *United Vanguard Fund, Inc. v. Take-Care, Inc.*, 693 A.2d 1076, 1079 (Del. 1997).

4

insurance policy.[14]  The policy in this case excludes coverage for bodily injury which is either expected or intended by the insured.  There is a difference between "expected" and "intended" injury.  Under Delaware law, an injury is "expected" if the actor knows or should have known there was a substantial probability that a certain result would take place.[15]  The word "intended" as applied to an exclusion clause "denotes that the actor desired to cause the consequences of his act or believed that the consequences were substantially certain to result from it."[16]  State Farm argues that Chad should have expected that his conduct would cause serious injury to Ethan's eye.

The facts are straightforward and undisputed.  Chad used a paintball gun to intentionally fire a paintball at a group of kids.  Chad intended to hit at least one of the kids in the group and he knew that in doing so he could cause injury to one of the kids.  The paintball struck Ethan's eye, causing severe damage to his eye. While Chad did not intend to hit anyone of the kids in particular and he did not intend to cause serious harm to Ethan's eye, he intended and expected to hit one of the kids with the

---

[14] *See, e.g. Farmer in the Dell Enterprises v. Farmers Mutual Insurance Company of Delaware, Inc.*, 514 A.2d 1097 (Del. 1986).

[15] *Keystone Insurance Company v. Walls*, 2006 WL 1149143, at *5 (Del. Super. Jan. 31, 2006).

[16] *Keystone Ins. Co., v. Walls*, 2006 WL 1149143 (Del. Super. Jan. 31, 2006).

paintball knowing it might cause injury to whomever he hit. Thus, the issue is should Chad have known that there was a substantial probability that his conduct could have seriously injured Ethan's eye. I conclude that Chad should have known that there was a substantial probability that his conduct could have seriously injured Ethan's eye. Chad was using a gun that fires a paintball. Chad knew that the paintball could cause injury. Notwithstanding that, Chad used the gun to fire a paintball at a group of kids that included Ethan. It should have come as no surprise to Chad that he seriously injured Ethan's eye, which is probably the most unprotected and therefore the most vulnerable part of a person's body.[17] I certainly agree with State Farm that this type of intentional conduct that creates a substantial probability of injury to another person is excluded from the homeowner's insurance policy that it issued to Chad's parents.

## Conclusion

I have granted State Farm Fire and Casualty Company's Motion for Summary Judgment and denied Kathy A. Joseph and Ethan P. Joseph's Motion for Summary Judgment.

---

[17] See *In re M.H.M*, 864 A.2d 1251, 1257 (Pa. Super. 2004) ("A paintball gun is capable of inflicting serious bodily injury, such as permanent eye injury and loss of vision. Indeed, in the game in which the paintball gun is used, the participants wear goggles to provide the necessary protection.").

**IT IS SO ORDERED.**

Very truly yours,

*/s/ E. Scott Bradley*

E. Scott Bradley

ESB/sal
oc:  Prothonotary
cc:  Counsel