CANADY, J.,
dissenting.
I am sympathetic to the view that the third-party beneficiary doctrine should not be employed to impose the arbitration provisions of the nursing home contract at issue in this case on the estate of Juan Mendez, Sr., who was not a party to the contract. The application of that doctrine is highly problematic in this case where there is no suggestion that Mendez exercised his will to obtain the benefit of any provision of the contract or otherwise manifested his assent to the contract. But the view adopted by the majority concerning the - scope of the third-party beneficiary *152 doctrine as the ground for quashing the district court’s decision is not based on any argument presented by the Petitioner. Because I conclude that the Petitioner has made no argument that justifies quashing the decision on review, I dissent.
Our law recognizes the “sanctity” of the right “to freely eontract[.]” State Farm Fire & Cas. Co. v. Marshall, 554 So.2d 504, 505 (Fla.1989). Accordingly, contracts to which competent parties have given their assent are declared invalid only if there is a compelling justification for doing so. See, e.g., Powertel, Inc. v. Bexley, 743 So.2d 570, 574 (Fla. 1st DCA 1999) (“Florida courts may properly decline to enforce a contract on the ground that it is unconscionable. To support a determination of unconscionability, however, the court must find that the contract is both procedurally unconscionable and substantively unconscionable.” (citation omitted)). The obverse of the right to freely contract is the right not to be bound by a contract without assent. Contract law — including the law governing contracts to arbitrate— is about protecting and enforcing the expression of the will of the contracting parties. Just as courts should not invalidate the expressed will of contracting parties without compelling justification, courts should not impose contractual obligations on a nonparty without compelling justification.
The Petitioner here presents no argument explaining why the third-party beneficiary doctrine is by its own terms inapplicable in this case. Instead, the Petitioner relies on the effect of section 400.151, Florida Statutes (2009), which sets forth requirements for nursing home contracts. The Petitioner argues that where a nursing home contract has not been executed in accordance with the requirements of section 400.151 any remedy under the third-party beneficiary doctrine is foreclosed. According to the Petitioner, the common law third-party beneficiary doctrine is wholly displaced by the statute.
This argument would preclude a remedy in circumstances where the third-party beneficiary doctrine could quite appropriately be applied — e.g., where the nonparty intended beneficiary nursing home resident had affirmatively sought to enforce a provision of the contract. Accepting the logic of the argument regarding the displacement of the common law would also entail displacing remedies based on contract implied in the law or contract implied in fact in circumstances where affording such remedies would be appropriate under existing law. The Legislature could, of course, displace the third-party beneficiary doctrine and the law regarding contracts implied in law and in fact, but nothing in the regulatory requirements of section 400.151 suggests that the failure to observe the formalities required by the statute should result in the wholesale displacement of common law remedies. The statute does not expressly displace existing common law remedies, and to displace those remedies by implication in this context is manifestly unreasonable.
" The Petitioner’s reliance on section 400.151 is unpersuasive. And no ground has been presented to justify quashing the decision on review.