# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

JESSICA M. LEE,          )
                                   )
        Plaintiff,         )
                                   )
     v.             )     C.A. No. N16C-09-061 ALR
                                   )
GEICO CHOICE INSURANCE    )
COMPANY, a foreign corporation,   )
                                   )
        Defendant.     )

Submitted: August 23, 2017
Decided: September 7, 2017

## <u>MEMORANDUM OPINION</u>

*Upon Defendant's Motion for Summary Judgment*
**DENIED**

Samuel D. Pratcher, III, Esq., Weik Nitsche & Dougherty, Attorney for Jessica M. Lee

Michael K. DeSantis Esq., Law Office of Dawn L. Becker, Attorney for GEICO Choice Insurance Company

**ROCANELLI, J.**

This is an insurance dispute arising out of a motor vehicle accident that took place on February 23, 2016. Prior to the accident, Plaintiff Jessica Lee ("Plaintiff") had an automobile insurance policy with Defendant GEICO Choice Insurance Company ("GEICO") that covered her vehicle ("Plaintiff's Auto Policy"). Following the accident, Plaintiff settled with the tortfeasor for his policy limits of $15,000. Plaintiff also submitted a claim to GEICO under Plaintiff's Auto Policy, but GEICO informed Plaintiff that Plaintiff's Auto Policy had been cancelled prior to the accident for her failure to make premium payments.

At the time of the accident, Plaintiff resided in the same household as her sister, Amie Lee ("Plaintiff's Sister"). Plaintiff's Sister had a separate insurance policy with GEICO that provided Underinsured Motorist ("UIM") coverage for those qualifying as insureds ("Sister's Policy"). Plaintiff submitted a claim to GEICO as an insured under her Sister's Policy for UIM coverage. GEICO denied Plaintiff's claim based on an exclusion in the Sister's Policy that voided coverage for bodily injury sustained in an accident with a vehicle that is owned by an insured, but which is uninsured ("owned-but-uninsured exclusion"). That denial led to the instant lawsuit, in which Plaintiff seeks UIM coverage under her Sister's Policy.

**Procedural Background**

GEICO has moved for summary judgment contending that Plaintiff's vehicle was uninsured at the time of the accident and, therefore, that the owned-but-

1

uninsured exclusion acts to bar coverage. Plaintiff opposes GEICO's motion on two grounds. First, Plaintiff's Auto Policy with GEICO had not been effectively cancelled at the time of the accident. Second, even assuming Plaintiff's Auto Policy had been cancelled, GEICO failed to meet its burden to show that the owned-but-uninsured exclusion applies to bar coverage. This is the Court's decision on GEICO's Motion for Summary Judgment.

## Standard of Review

The Court may grant summary judgment only where the moving party can "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1] The moving party bears the initial burden of proof and, once that is met, the burden shifts to the non-moving party to show that a material issue of fact exists.[2] At the motion for summary judgment phase, the Court must view the facts "in the light most favorable to the non-moving party."[3]

## Discussion

**I.  Plaintiff is an insured under her Sister's Policy with GEICO.**

It is undisputed that Plaintiff is an insured under her Sister's Policy, which defines "insured" to include "[r]elatives of [the named insured] if residents of his

---

[1] Super. Ct. Civ. R. 56.
[2] *Moore v. Sizemore*, 405 A.2d 679, 680–81 (Del. 1979).
[3] Brzoska v. Olson, 668 A.2d 1355, 1364 (Del. 1995).

2

household."[4] Plaintiff and Plaintiff's Sister are relatives and were residents of the same household on the date of the accident.[5] Therefore, Plaintiff qualifies as an insured entitled to UIM coverage under her Sister's Policy.

## II. GEICO cannot meet its burden to establish that the owned-but-uninsured exclusion applies to bar coverage.

Under Delaware law, the insured bears the burden of establishing that a loss falls under the coverage provisions of an insurance policy.[6] Once the insured does so, the burden shifts to the insurer to establish that a policy exclusion applies to bar coverage.[7] Plaintiff met her burden in this case by establishing that she is an insured under her Sister's Policy and thereby entitled to UIM coverage.

GEICO denied UIM coverage for Plaintiff because of the owned-but-uninsured exclusion in the Sister's Policy which provides: "Bodily injury sustained by an injured while occupying, or through being struck by an uninsured motor vehicle owned by a insured or a relative is not covered."[8] GEICO cannot meet its burden with respect to this exclusion for two reasons. First, under Delaware law, UIM coverage is personal to the insured rather than vehicle-related.[9] Therefore, Plaintiff's UIM coverage does not depend on the coverage status of her vehicle.

---

[4] Defendant's Mot. Summ. J., Ex. E, 39.
[5] Defendant's Mot. Sum. J., ¶ 5; Plaintiff's Opp. Br., ¶ 17.
[6] *Deakyne v. Selective Ins. Co. of America*, 728 A.2d 569, 571 (Del. Super. 1997).
[7] *Id.*
[8] Defendant's Mot. Summ. J., Ex. E, 40.
[9] *See Frank v. Horizon Assur. Co.*, 553 A.2d 1199, 1203 (Del. 1989).

3

Second, any restrictions on UIM coverage are narrowly construed,[10] such that a policy exclusion affecting UIM coverage must be specifically authorized by statute and not against public policy.[11] GEICO cannot establish that the owned-but-uninsured exclusion meets this test.

### A. UIM coverage is personal to the insured.

The owned-but uninsured exclusion cannot bar UIM coverage for Plaintiff because UIM coverage is personal to the insured under Delaware law.[12] In *Frank*, the plaintiff was injured in an accident while driving a vehicle insured with Hartford Insurance Company, which paid the policy limit to the plaintiff.[13] Then the plaintiff sought to recover UIM coverage under a separate policy with a different insurer that covered two vehicles she jointly-owned with her husband ("Defendant Insurer").[14] Although the plaintiff qualified as an insured under that policy, the Defendant Insurer denied coverage based on an exclusion ("other-motor-vehicle exclusion") that denied coverage "for a claim arising out of an accident involving a vehicle owned by the insured, but not listed as a covered vehicle under the policy."[15]

---

[10] *See id.* at 1204; *State Farm Mut. Auto Ins. Co. v. Abramowicz*, 386 A.2d 670, 673 (Del. 1978).
[11] *Frank*, 553 A.2d at 1204-05.
[12] *Id.* at 1203.
[13] *Id.* at 1200.
[14] *Id.* at 1201.
[15] *Id.*

In *Frank*, the Delaware Supreme Court first considered whether UIM coverage is personal to the insured or vehicle-related as an issue of first impression. The Court noted that an "apparent majority" of jurisdictions that had considered the question determined that UIM coverage is personal to the insured.[16] Of these, the Court cited favorably to *Fernandez v. Selected Risks Ins. Co.*,[17] a New Jersey Supreme Court case that invalidated an owned-but-uninsured exclusion.[18] There, the New Jersey court held that the insurer could not rely on the exclusion when its own policy terms provided coverage to all those qualifying as insureds, and that the attempt to do so went against the public policy of protecting innocent victims underlying UIM coverage.[19] The Court in *Frank* agreed with the reasoning in *Fernandez* and similar cases and concluded that UIM coverage is "personal to the insured and not vehicle specific."[20]

In this case, it is undisputed that Plaintiff qualifies as an insured under her Sister's Policy. Therefore, because UIM coverage is personal to the insured and not related to the coverage status of the vehicle,[21] Plaintiff is entitled to UIM coverage regardless of whether her personal vehicle was insured at the time of the accident.

---

[16] *Id.* at 1202.

[17] 412 A.2d 755 (N.J. 1980).

[18] *Frank*, 553 A.2d at 1202.

[19] *Id.* (citing *Fernandez*, 412 A.2d at 757).

[20] *Id.* at 1203.

[21] *Id.*

As a result, GEICO cannot rely on the owned-but-uninsured exclusion in the Sister's Policy to restrict Plaintiff's UIM coverage.

**B.      Exclusions on UIM coverage must be authorized by statute and not against public policy.**

Exclusions on UIM coverage must be specifically authorized by statute and not against public policy.[22]  In *Frank*, the Court analyzed the other-motor-vehicle exclusion at issue in light of the statutory framework underlying UIM coverage.[23] Section 3902 of the Delaware Insurance Code ("Section 3902") requires that insurers provide UIM coverage in all automobile policies unless the insured expressly rejects that coverage in writing.[24]  The Court in *Frank* noted that Section 3902 is silent on the right of insurers to include exclusions and restrictions on UIM coverage through policy language, apart from subsection (c), which addresses coverage limitations for multi-vehicle policies.[25]  In addition, the Court noted that the legislature did not include language in the statute authorizing the use of exclusions "customary to the field" as it did in the no-fault insurance law of the Delaware Motor Vehicle Code.[26] As a result, the Court concluded that Section 3902 "bespeaks of legislative policy

---

[22] *Id.* at 1204-05.

[23] *Id.* at 1203-04.

[24] 18 *Del. C.* § 3902(a).

[25] *Frank*, 553 A.2d at 1203.

[26] *Id.* at 1204 (citing 21 *Del. C.* 2118(e) (providing that insurance coverage falling under that section "may be subject to conditions and exclusions customary to the field of liability, casualty and property insurance…")).

that [UIM] coverage shall not be undercut by restrictive policy provisions, unless such restrictions are specifically authorized by statute."[27]   Therefore, because Section 3902 does not authorize other-motor-vehicle exclusions, the Court held that such an exclusion could not be used to restrict UIM coverage.[28]

In the instant case, the exclusion at issue is an owned-but-uninsured exclusion rather than an other-motor-vehicle exclusion as in *Frank*.  However, that does not change the outcome.  Section 3902 does not specifically authorize an owned-but-uninsured exclusion just as it does not authorize an other-motor-vehicle exclusion.  Therefore, the owned-but-uninsured exclusion cannot act as a bar to Plaintiff's UIM coverage.

In addition, the owned-but-uninsured exclusion is against public policy.  After its discussion of Section 3902, the Court in *Frank* stated that its primary reason for invalidating the other-motor-vehicle exclusion was that the exclusion violated public policy.[29]  The public policy behind Section 3902's mandate of UIM coverage is "the protection of innocent persons from the negligence of unknown or impecunious tortfeasors."[30]  The Court held that once a consumer purchases UIM coverage, an insurer's attempt to use "hypertechnical language or an exclusion clause" to restrict

---

[27] *Id.*
[28] *Id.*
[29] *Id.*
[30] *Id.* at 1201 (citing *Abramowicz*, 386 A.2d at 673).

that coverage is repugnant to the public policy of protecting the class of persons at issue, innocent victims of negligent motorists.[31] As a result, the Court determined that the other-motor-vehicle exclusion was against the public policy of Section 3902.

GEICO's attempt to rely on the owned-but-uninsured exclusion in this case invokes the same public policy concerns at issue in *Frank*.[32] Plaintiff's Sister purchased an insurance policy from GEICO that included UIM coverage for those qualifying as insureds, including Plaintiff. Plaintiff suffered damages in an accident with an underinsured tortfeasor, and therefore falls squarely into the class of persons that Section 3902 is meant to protect. As a result, GEICO's attempt to use the owned-but-uninsured exclusion to restrict Plaintiff's UIM coverage goes against the public policy underlying Section 3902. Therefore, the owned-but-uninsured exclusion cannot operate as a bar to coverage for Plaintiff.

## III. The coverage status of Plaintiff's vehicle need not be addressed.

The parties dispute whether Plaintiff's Auto Policy had been effectively cancelled prior to the date of the accident. Because the Court finds that the owned-but-uninsured exclusion is not enforceable, the Court need not yet determine whether

---

[31] *Id.* at 1204-05.

[32] The Court reiterates that the Delaware Supreme Court in *Frank* favorably discussed *Fernandez*, in which the New Jersey Supreme Court invalidated an owned-but-uninsured exclusion after finding that it went against a similar public policy in favor of protecting against irresponsible motorists.

8

Plaintiff's Auto Policy with GEICO had been cancelled prior to the date of the accident.

## Conclusion

For the reasons stated, the Court hereby finds that the Plaintiff is an insured under the Policy and that GEICO cannot meet its burden in relying on the owned-but-uninsured exclusion because it is inconsistent with the statute requiring UIM coverage and is against the public policy in favor of protecting innocent victims. Accordingly, GEICO's Motion for Summary Judgment is denied.

**NOW, THEREFORE, on this 7th day of September 2017, Defendant GEICO Choice Insurance Company's Motion for Summary Judgment is hereby DENIED.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____

**The Honorable Andrea L. Rocanelli**

9